Oppenheimer v Machinist (2025 NY Slip Op 50925(U))

[*1]

Oppenheimer v Machinist

2025 NY Slip Op 50925(U)

Decided on June 6, 2025

Supreme Court, Westchester County

Jamieson, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 6, 2025
Supreme Court, Westchester County

Judith Levinson Oppenheimer as Trustee of the Levinson Family Trust, u/a/d January 1, 2002, 
 Joshua Levinson as Trustee of Levinson Family Trust u/a/d January 1, 2002, 
 Adam Levinson as Trustee of Levinson Family Trust u/a/d January 1, 2002, and 
 Nancy Machinist as Trustee of Levinson Family Trust u/a/d January 1, 2002, Plaintiffs,

against
Robert B. Machinist, Defendant.

Index No. 56565/2025

Tannenbaum Helpern et al.
Attorneys for Plaintiffs
900 Third Avenue 
New York, New York 10022 
Trachtenberg & Arena, LLP
Attorneys for Defendant
380 Lexington Avenue, Suite 3300
New York, New York 10168

Linda S. Jamieson, J.

The following papers numbered 1 to ___ were read on this motion:
Paper Number
Notice of Motion, Affirmation and Exhibits 1
Memorandum of Law 2
Memorandum of Law in Opposition 3
Memorandum of Law in Reply 4
Defendant brings his motion seeking to dismiss two causes of action, for conversion and breach of fiduciary duty, on the ground that they are untimely. According to the complaint, defendant is a trustee of a trust called the Levinson Family Trust (the "Trust"). Plaintiffs allege that defendant received distributions from various investments he made on behalf of the Trust using its funds. Rather than deliver those distributions to the Trust, he improperly retained them for his own use and benefit in breach of his fiduciary duty to the Trust. Plaintiffs further allege that after they discovered this misconduct, defendant executed agreements to repay the Trust, including all costs, expenses and professional fees incurred in unwinding his theft. Plaintiffs allege that defendant did not honor those agreements, and instead defaulted in his obligations to repay the Trust. Eventually, plaintiffs commenced this action, alleging claims for breach of contract, breach of fiduciary duty, conversion, unjust enrichment and constructive trust. Plaintiffs allege that defendant owes the Trust at least $1,668,767.98 plus interest, costs, [*2]disbursements and attorneys' fees.
On this motion, defendant asserts that the conversion and breach of fiduciary duty claims are untimely because these alleged misappropriations occurred during the period of September 2013 to August 2021, more than three years prior to the commencement of this action. As both of these claims are subject to a three year statute of limitations, he contends, they are untimely.
Naturally, plaintiffs disagree. They contend that where, as here, a defendant initially acquired the underlying property lawfully, the statute of limitations on a claim for conversion only begins to accrue when a plaintiff makes a demand for payment and a defendant refuses. Similarly, plaintiffs argue that defendant "overlooks that a breach of fiduciary claim against an ongoing fiduciary and present trustee only accrues once the fiduciary relationship terminates. Defendant remains is still as [sic] a trustee, and hence a fiduciary to the Trust to this very day. . . ."
As the Second Department held very recently, "On a motion to dismiss pursuant to CPLR 3211(a)(7), the court must accept the facts alleged in the complaint as true, afford the plaintiff the benefit of every possible favorable inference, and determine only whether the alleged facts fit within any cognizable legal theory." Kisla v. Jefferson, 237 AD3d 1082, 1083 (2d Dept. April 23, 2025). Reviewing the complaint, the Court finds that these claims appear on their face to be timely. The issues of whether defendant lawfully obtained the funds at issue and when he allegedly converted them, as well as the intricacies of the fiduciary relationship are fact-based. Indeed, in his reply memorandum of law, defendant states that the complaint "repeatedly describes Defendant's obligations in the past tense, - suggesting that the Plaintiffs do not regard him as a continuing fiduciary of the alleged trust." This raises factual issues that cannot be addressed at this preliminary stage of the action.
Accordingly, the Court denies the motion to dismiss in their entirety.[FN1]

The foregoing constitutes the decision and order of the Court.
Dated: June 6, 2025
White Plains, New York
HON. LINDA S. JAMIESON
Justice of the Supreme Court

Footnotes

Footnote 1: All other arguments raised, and all materials submitted by the parties in connection therewith, have been considered by this Court, notwithstanding the specific absence of reference thereto.